IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| NORMA J. GIBBS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. 3:18cv075 |
| | ) In the Circuit Court for |
| FEDERAL NATIONAL MORTGAGE | ) Spotsylvania County |
| ASSOCIATION, PHH MORTGAGE | ) Case No.: CL17-2498 |
| CORPORATION and PROFESSIONAL | ) |
| FORECLOSURE CORPORATION OF | ) |
| VIRGINIA, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendants Federal National Mortgage Association ("Fannie Mae") and PHH Mortgage Corporation ("PHH Mortgage" and collectively, "Defendants"), by counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby remove the above-captioned case from the Circuit Court for Spotsylvania County, Virginia, to the United States District Court for the Eastern District of Virginia, Richmond Division. As grounds for removal, Defendants state as follows:

### BACKGROUND

1. On or about December 18, 2017, Plaintiff commenced this action by filing a Complaint in the Circuit Court for Spotsylvania County, Case No. CL17-2498 (the "State Court Action").

2. In addition to Defendants, Plaintiff also named substitute trustee, Professional Foreclosure Corporation of Virginia ("PFC") as a Defendant in this action.

3. The undersigned counsel agreed to accept service of process on behalf of Defendants effective January 10, 2018.

4. Pursuant to 28 U.S.C § 1446(a), a copy of all process, pleadings, and orders from the Circuit Court for Spotsylvania County, Virginia that have been served on Defendants is attached hereto as **Exhibit A**. A copy of all responsive pleadings filed in the Circuit Court for Spotsylvania County, Virginia on behalf of Defendants is attached as **Exhibit B**.

5. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the Circuit Court for Spotsylvania County, Virginia and served upon all parties of record.

## TIMELINESS OF REMOVAL AND CONSENT OF OTHER DEFENDANTS

6. Removal of this action to this Court is timely under 28 U.S.C. § 1446(b) because this Notice of Removal is filed within thirty (30) days of service on Defendants.

7. PFC, through counsel, has consented to removal.

## GROUNDS FOR REMOVAL

8. Removal of this action is proper under 28 U.S.C. § 1441(a), which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

9. This Court has original jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity between Plaintiff and Defendants, who are the real parties in interest, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### I. Citizenship of Real Parties in Interest

10. Plaintiff is a citizen of Virginia. Compl. ¶ 1.

11. PHH Mortgage, a New Jersey Corporation, is a citizen of New Jersey.

12.     Fannie Mae is a federally chartered corporation. 12 U.S.C. § 1717. For the purpose of diversity jurisdiction, Fannie Mae is deemed a citizen of the District of Columbia. 12 U.S.C. § 1717(a)(2)(B).

## II.     Fraudulent Joinder of PFC

13.     PFC, the substitute trustee, is fraudulently joined in this action; therefore, its citizenship can be disregarded for the purposes of determining diversity. *Mays v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).

14.     "The doctrine of fraudulent joinder allows the court to 'disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.'" *Rehbein v. CitiMortgage, Inc.*, 937 F. Supp. 2d 753, 759 (E.D. Va. 2013) (quoting *Mays*, 198 F.3d 457, 461). "[T]he party seeking removal bears the 'heavy' burden of demonstrating 'that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant.'" *Bennett v. Bank of Am.*, 2012 WL 1354546 at *3 (E.D. Va. Apr. 18, 2012) (quoting *Mays*, 198 F.3d 457, 464).

15.     The crux of the Complaint is the allegation that PHH Mortgage breached paragraph 22 of Plaintiff's deed of trust by mailing a February 18, 2016 acceleration notice less than thirty (30) days prior to the notice's March 24, 2016 cure deadline. Compl. ¶¶ 14-22.

16.     The conclusory allegations against PFC are that it breached fiduciary duties owed to Plaintiff by failing to conduct a due diligence investigation, which:

> [W]ould have required a check on the Internet as to when [the acceleration notice] was actually sent and any such check would have revealed that [the acceleration notice] was so much back-dated that it provided less than 30 days as a deadline to cure and that, therefore, it was a not a basis to go forward with foreclosure of the home.

Compl. ¶ 41.

17. These allegations do not state a claim against PFC for breach of the fiduciary duty of impartiality, which is the only fiduciary duty recognized in Virginia with regard to trustees serving under deeds of trust (all other duties being contractual and defined by the deed of trust). *See Horvath v. Bank of New York, N.A.*, 2010 WL 538039 at *1 (E.D. Va. Jan. 29, 2010), *aff'd*, 641 F.3d 617 (4th Cir. 2011) ("Under Virginia law, however, a trustee under a deed of trust has no such duty of diligence, and trustees only owe duties listed in the deed of trust"); *Mayo v. Wells Fargo Bank, N.A.*, 30 F. Supp. 3d 485, 496 (E.D. Va. 2014) *aff'd*, 622 F. App'x 250 (4th Cir. 2015) ("The Court finds that the only common law duty consistently recognized by the Virginia Supreme Court with respect to the trustee for a Deed of Trust security real property is a duty of impartiality"); *Wilson–McClain v. Specialized Loan Servicing, LLC*, 2016 WL 5662002 at *4 (E.D. Va. Sept. 29, 2016) ("A trustee under a deed of trust has no due diligence duty and owes only duties listed in the deed of trust").

18. Moreover, PFC is not a necessary party to Plaintiff's claim for rescission of the foreclosure sale because such a claim cannot proceed in the absence of either:

(a) "fraud, collusion with the purchaser, and a foreclosure sale price of such 'gross inadequacy' that it 'shock[s] the conscience' of the court[,]" *Ramos v. Wells Fargo Bank, NA*, 289 Va. 321, 324, 770 S.E.2d 491, 494 (2015) (quoting *Squire v. Virginia Hous. Dev. Auth.*, 287 Va. 507, 519, 758 S.E.2d 55, 61-62 (2014)); or

(b) allegations "indicating that the trustee failed to substantially comply with [contractual preconditions to foreclosure] so that the power to foreclose did not accrue[.]" *Parrish v. Fed. Nat'l Mortg. Ass'n*, 292 Va. 44 n.5, 53, 787 S.E.2d 116, 122 (2016).

19. Plaintiff has not alleged circumstances showing fraud, collusion, or a foreclosure sale price that shocks the conscience, and Virginia law does not require the substitute trustee to conduct a due diligence investigation to determine the actual mailing date of a lender's acceleration notice. *See supra* ¶ 17. Thus, Plaintiff has not alleged facts that entitle her to rescission of the foreclosure sale and/or require PFC to remain in this litigation as a necessary party.

20. There is no possibility that Plaintiff can establish a cause of action under Virginia law against PFC based on the Complaint's allegations. *See supra* ¶ 17; *Crouch v. Bank of Am., N.A.*, 2011 WL 7112237 at *5 (E.D. Va. Nov. 29, 2011) report and recommendation adopted, 2012 WL 263672 (E.D. Va. Jan. 30, 2012) ("Nor does the substitute trustee have any role in determining when to foreclose on the Property, the action allegedly causing the breach of contract. … The Substitute Trustee's only role with respect to the Plaintiffs will be as substitute trustee if and when a foreclosure of the Property takes place").

21. Accordingly, PFC's citizenship is irrelevant for the purposes of determining diversity jurisdiction. *See Pham v. Bank of N.Y.*, 856 F. Supp. 2d 804, 811 (E.D. Va. 2012) (disregarding citizenship of substitute trustee, who is mere agent of the real party interest and who "act[s] at the noteholder's direction").

### III. Amount in Controversy and Venue

22. Plaintiff seeks $125,000 in compensatory damages, and she seeks rescission of a foreclosure sale at which Fannie Mae purchased the subject property for $263,000. Comp. ¶¶ 23, 49. Thus, the amount in controversy is at least $388,000.

23. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1441(a).

5

## CONCLUSION

For the foregoing reasons, Defendants Federal National Mortgage Association and PHH Mortgage Corporation, by counsel, respectfully request that this action be, and is hereby, removed to this Court, that this Court assume jurisdiction over this action, and that this Court enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

**FEDERAL NATIONAL MORTGAGE ASSOCIATION and PHH MORTGAGE CORPORATION**

By: _/s/ M. Boyd_
J.P. McGuire Boyd, Jr. (VSB No. 72753)
WILLIAMS MULLEN
200 South 10th Street. Suite 1600
Richmond, VA  23218-1320
Facsimile:  804.420.6507
Telephone: 804.420.6927
Email: mboyd@williamsmullen.com
*Counsel for Defendants Federal National Mortgage Association and PHH Mortgage Corporation*