IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

NORMA J. GIBBS, )
)
      Plaintiff, )
)
v. ) Civil Action No. 3:18-cv-75–HEH
)
FEDERAL NATIONAL MORTGAGE )
ASSOCIATION, *et al.*, )
      Defendants. )

## MEMORANDUM OPINION
(Granting Plaintiff's Motion to Remand)

THIS MATTER is before the Court on Plaintiff Norma J. Gibbs's ("Plaintiff") Motion to Remand to State Court (ECF No. 8), filed on March 7, 2018. Defendants Federal National Mortgage Association ("FNMA") and PHH Mortgage Association ("PHH") removed this action to this Court on February 5, 2018, alleging that the relevant parties in this action are diverse and that the amount in controversy exceeds $ 75,000. (Notice of Removal ¶ 9, ECF No. 1.) Defendants PHH and FNMA are citizens of New Jersey and the District of Columbia, respectively (*Id.* ¶ 11–12), and Plaintiff is a citizen of Virginia. (Compl. ¶ 1, ECF No. 1-1.) Defendant Professional Foreclosure Corporation of Virginia ("PFC") is also a citizen of Virginia (*Id.* ¶ 1), but Defendants FNMA and PHH claim that PFC's citizenship can be disregarded because it was fraudulently joined. (Notice of Removal ¶ 13.)

Each side has filed memoranda supporting their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately

1

presented in the materials before the Court, and oral argument would not aid in the decisional process.

For the reasons that follow, the Court will grant Plaintiff's Motion (ECF No. 8), and the action will be remanded to the Circuit Court of Spotsylvania County.

## I. BACKGROUND

Plaintiff initially filed this action in the Circuit Court of Spotsylvania County on December 18, 2017 against Defendant FNMA, PHH and PFC. (Compl. 1.) Plaintiff's claims stem from the foreclosure sale of a home, located at 11802 Berwick Court, Fredericksburg, Virginia 22408 ("Property"). (*Id.* ¶ 1.)

Wallace E. Gibbs purchased the Property in 2005 and financed the transaction through a loan and deed of trust ("DOT") with Defendant PHH. (*Id.* ¶ 6–7.) Plaintiff married Wallace Gibbs in 2013, and he executed a quitclaim deed conveying his ownership interest in the Property to Plaintiff in 2015. (*Id.* ¶ 8–9.) Wallace Gibbs died intestate on July 18, 2015, and Plaintiff qualified as the administrator of his estate. (*Id.* ¶ 11–12.) At some point in early 2016, Plaintiff defaulted on the loan with Defendant PHH. (*Id.* at Ex. E.)

The DOT contains a provision that allows PHH to accelerate the full balance of the loan in the event of default. (*Id.* at Ex. B.) However, prior to accelerating the balance due, PHH was required to provide notice that states "(a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date of notice is given to the Borrower, by which the default must be cured." (*Id.*) Additionally, the notice must inform Plaintiff that failure to cure may result in acceleration. (*Id.*) Plaintiff

2

claims that PHH provided a notice to cure "not sooner than February 24, 2016" and the notice provided a deadline of March 24, 2016. (Compl. ¶ 15–17.) PFC conducted a foreclosure sale of the Property on July 12, 2016. (*Id.* ¶ 23.)

Plaintiff alleges that PHH breached the deed of trust by providing a notice that "gave a deadline, at the most, of 29 days rather than 30 days" and further alleges that PFC breached a fiduciary duty owed to her by failing to use due diligence to ensure that it was not wrongfully foreclosing on the Property. (*Id.* ¶¶ 17, 41.)

## II. STANDARD OF REVIEW

As the removing parties, Defendants bear the burden of demonstrating that this Court has subject-matter jurisdiction. *Pressl v. Appalachian Power Co.*, 842 F.3d 299, 302 (4th Cir. 2016). Additionally, Defendants must satisfy the requirements of 28 U.S.C. § 1446, which outlines the procedures for removal. *See Marler v. Amoco Oil Co.*, 793 F. Supp. 656, 658–59 (E.D. N.C. 1992) ("Defendant bears the burden of establishing the right to removal, including compliance with the requirements of [28 U.S.C.] § 1446(b)."). Removing proceedings from state court raises significant federalism concerns; accordingly, "[i]f federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

This Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . Citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). Diversity must be complete "such that the state of citizenship of each plaintiff must be different from that of each defendant" at the time an action commences. *Athena Auto., Inc. v. DiGregorio*, 166

3

F.3d 288, 290 (4th Cir. 1999).

However, "[t]he fraudulent joinder doctrine provides an exception to the complete diversity requirement." *E.D. ex rel. Darcy v. Pfizer, Inc.*, 722 F.3d 574, 578 (4th Cir. 2013). The doctrine "permits a federal court to disregard, for jurisdictional purposes, the citizenship of non-diverse defendants." *McFadden v. Fannie Mae*, 525 Fed. App'x 223, 227 (4th Cir. 2013) (citations and quotation marks omitted).

The term "fraudulent joinder" is, in many ways, a misnomer. *See id.* More accurately characterized, it is "a term of art, [which] does not reflect on the integrity of plaintiff or counsel, but is merely the rubric applied when a court finds either that no cause of action is stated against the non diverse defendant, or *in fact* no cause of action exists." *AIDS Counseling & Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990) (citations and quotation marks omitted). "The removing party must establish that there is no possibility the plaintiff could establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts. A claim need not succeed to defeat removal; only a *possibility* of a right need be asserted." *Sherman v. Litton Loan Servicing, L.P.*, 796 F. Supp. 2d 753, 759 (E.D. Va. 2011) (citations omitted).

The burden is on the party claiming fraudulent or improper joinder to show that a claim could not be established against the non-diverse defendant, even after resolving all issues of law and fact in the plaintiff's favor. *Mayes v. Rapoport*, 198 F.3d 457, 464 (4th Cir. 1999) (citing *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232–33 (4th Cir. 1993)). The Fourth Circuit counsels that the fraudulent joinder standard "is even more favorable

4

to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Hartley v. CSX Trans., Inc.*, 187 F.3d 422, 424 (4th Cir.1999) (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992)). Consequently, the defendant must shoulder a significant burden to establish fraudulent joinder. *Marshall*, 6 F.3d at 232–33.

### III. ANALYSIS

In determining whether removal is proper, federal courts must be "sensitive to the delicate nature of federal-State relations [and] must take care not to assume jurisdiction of a case or controversy that belongs exclusively before a State tribunal. *Thompson v. Gillen*, 491 F. Supp. 24, 27 (E.D. Va. 1980). In contrast to state courts of general jurisdiction, "[f]ederal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quotations marks omitted). At this stage of the case, the Court's inquiry is limited to determining if, under the laws of the Commonwealth of Virginia, an action for fiduciary breach could possibly lie against Defendant PFC. If so, the Court is without jurisdiction and the action must be remanded. The Court's analysis will begin and end with the Supreme Court of Virginia's decision in *Squire v. Va. Hous. Dev. Auth.*, 287 Va. 507 (2014).

In *Squire*, the petitioner had a home loan secured by a deed of trust, which incorporated a regulation from the United States Department of Housing and Urban Development requiring the lender to arrange a face-to-face meeting with the borrower prior to foreclosing on the home. *Id.* at 516–17. The petitioner defaulted on her loan,

and the substitute trustee conducted a foreclosure sale of her home. *Id.* at 512. She brought suit challenging the foreclosure and specifically alleged that the substitute trustee breached a fiduciary duty by foreclosing on her home, despite the fact that the lender had not arranged or attempted to arrange a face-to-face meeting.[1] *Id.* at 516–18. The substitute trustee filed a demurrer, and the trial court sustained. *Id.* at 514.

The Supreme Court of Virginia found that the petitioner had sufficiently pled a claim against the substitute trustee to survive a demurrer. The Court explained that "[a]t the demurrer stage, it is not the function of the trial court to decide the merits of the allegations set forth in a complaint, but only to determine whether the factual allegations pled and the reasonable inferences drawn therefrom are sufficient to state a cause of action." *Id.* The Court further explained that a trustee's power to foreclose derives from the deed the trust and "[t]hat power does not accrue until its conditions precedent have been fulfilled." *Id.* at 515 (quoting *Matthews v. PHH Mortgage Corp.*, 283 Va. 723, 731 (2012)). Because the petitioner pled that the substitute trustee breached a fiduciary duty by holding the foreclosure sale prior to the face-to-face meeting requirement being satisfied and that she was damaged, the Court held that the trial court erred in sustaining the substitute trustee's demurrer. *Id.* at 517–18.

The case at hand presents a remarkably similar situation. Plaintiff contends that a condition precedent to the foreclosure of her home was Defendant PHH sending her a notice with at least a thirty-day window in which to cure her default and that Defendant

---

[1] The petitioner in *Squire* brought additional claims against additional parties, but the action for fiduciary breach against the substitute trustee is the only claim relevant to this Court's analysis.

PHH failed to do so. Therefore, she alleges that Defendant PFC breached a fiduciary duty to her by foreclosing on her home before its right to do so accrued.

Defendants acknowledge the *Squire* case, but in essence argue that the scope of the fiduciary duty at issue in that case has been cabined by subsequent decisions of this Court. Importantly, however, Defendants do not cite and this Court's research does not reveal any decisions by the Supreme Court of Virginia addressing the scope of its decision in *Squire*. To be sure, this Court is frequently required to answer unresolved questions of state law when an action premised on state law claims is properly before it. That is the natural and inevitable consequence of diversity jurisdiction. But, when the question at hand is whether or not that jurisdiction has been properly invoked, the Court's role is much more limited. The sole question that must be asked is whether or not any factual or legal possibility exists whereby diversity jurisdiction would be improper. Based upon the holding in *Squire*, it is possible that Virginia law supports a claim for fiduciary breach against a substitute trustee under the circumstances alleged by Plaintiff. Therefore, the Court must remand the case.

## IV. CONCLUSION

This Court must strictly construe removal jurisdiction, as it implicates important considerations in our federalist system. *Mulcahey*, 29 F.3d at 151. Remand to state court is appropriate if federal jurisdiction is at all in doubt. *Md. Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 260 (4th Cir. 2005). For the foregoing reasons, the Court has significant concerns as to the existence of federal jurisdiction and thus will remand this action back to the Circuit Court of Spotsylvania County.

An appropriate order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: April 4, 2018
Richmond, Virginia